**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

In re:                                           :
                                                 :
PARKWAY INVESTMENT          :    Case No. 6:12-bk-15932-ABB
PROPERTIES, INC.,                    :    Chapter 11
                                                 :
      Debtor.                      :
                                                 :

**BRANCH BANKING AND TRUST COMPANY'S OBJECTION**
**TO CONFIRMATION OF DEBTOR'S PLAN OF REORGANIZATION**

**BRANCH BANKING AND TRUST COMPANY** ("BB&T"), by and through its undersigned counsel, pursuant to Rules 3020 and 9014, F.R.B.P., files its Objection to Confirmation of Debtor's Second Amended Plan of Reorganization (the "Plan," Doc. No. 77), and states:

1. BB&T is a secured creditor in this case by virtue of a Final Judgment of Foreclosure entered April 4, 2011 (the "Judgment") against the commercial real property owned by Debtor (the "Property"). *See* Claim Number 6-1.

2. The Plan proposes to pay to BB&T a "secured" claim of $787,500.00 and an "unsecured" claim of $643,049.63.[1] The Plan proposes to pay BB&T's "secured" claim over ten years at 3.25% interest, or $7,695.37 per month for 120 months. The Plan proposes to begin paying the "unsecured" portion after completion of the "secured" payments. The Plan proposes to pay the "unsecured" claim, interest-free, over seven years, or $7,655.35 per month for eighty-four months.

---

[1] The characterization of BB&T's claim as having a "secured" and "unsecured" portion is improper. BB&T has made an 1111(b) election in this case, and, therefore, its entire claim is secured.

3.  As set forth below, the Plan cannot be confirmed because Debtor cannot satisfy the requirements of 11 U.S.C. § 1129(a).

### A. THE PLAN DOES NOT COMPLY WITH SECTION 1129(A)(3) IN THAT IT IS NOT PROPOSED IN GOOD FAITH.

4.  The Plan does not comply with Section 1129(a)(3) in that it is not proposed in good faith. This case amounts to nothing more than a two-party dispute between Debtor and BB&T. Debtor's Schedule F lists only $40,673 in unsecured debt[2] as compared to the more than $1.5 million debt owed to BB&T. Moreover, Debtor's representative, Barry Compton, testified at the 341 Meeting that these unsecured debts consist of debts incurred to maintain or repair the Property. Thus, all of the debts in this case relate to the Property which is the Debtor's sole asset.

5.  The underlying loan now represented by the Judgment matured on March 23, 2009, yet Debtor has delayed payment to BB&T or surrender of the Property ever since. On April 30, 2009, Debtor filed its first chapter 11 bankruptcy case.[3] That chapter 11 case was dismissed on March 19, 2010 because Debtor was "unable to effect a reorganization."[4] In July 2010, BB&T commenced its foreclosure action against Debtor in the Osceola County Circuit Court. The state court entered the Judgment on April 4, 2011. On May 2, 2011, the Debtor appealed.

6.  During the course of the appeal, Debtor and BB&T attended mediation, but it was ineffective. On August 21, 2012, the appellate court affirmed the Judgment. Debtor filed the

---

[2] Notably, no unsecured creditors have filed a claim in this case.

[3] Case No. 6:09-bk-05938-ABB.

[4] *See* Case No. 6:09-bk-05938-ABB, Doc. Nos. 82 and 86

instant chapter 11 bankruptcy case on November 27, 2012, two days prior to the date the foreclosure sale was to occur. Debtor has had ample time to work out a resolution with BB&T. Chapter 11, however, is not intended to be a remedy for this type of two-party dispute.

    **B.**  **THE PLAN DOES NOT COMPLY WITH SECTION 1129(A)(5) BECAUSE IT LACKS ADEQUATE DISCLOSURE.**

   7.  The Plan does not comply with Section 1129(a)(5) because it lacks adequate disclosure. The Plan does not disclose the identity, affiliations, and nature of any compensation of the individual(s) proposed to serve as officers or directors of the reorganized Debtor.

    **C.**  **THE PLAN DOES NOT COMPLY WITH SECTION 1129(A)(8) BECAUSE THE PLAN HAS NOT BEEN ACCEPTED BY EACH IMPAIRED CLASS.**

   8.  The Plan does not comply with Section 1129(a)(8) because the Plan has not been accepted by each impaired class. BB&T has voted to the reject the Plan pursuant to its Class 4 secured claim.

    **D.**  **THE PLAN DOES NOT COMPLY WITH SECTION 1129(A)(11) BECAUSE IT IS NOT FEASIBLE.**

   9.  The Plan does not comply with Section 1129(a)(11) because it is not feasible and the Debtor cannot show that confirmation of the Plan is not likely to be followed by liquidation. Under Section 1129(a)(11), a debtor must prove that its plan has a reasonable assurance of success based on objective facts. *In re D&G Investments of West Florida, Inc.*, 342 B.R. 882 (Bankr.M.D.Fla. 2006). "Sincerity, honesty, and willingness are not sufficient to make the plan feasible, and neither are visionary promises." *In re Hoffman,* 52 B.R. 212, 215 (Bankr. D.N.D. 1985) (*quoting In re Bergman*, 585 F.2d 1171 (2d Cir. 1978)).

10. In the instant case, the Debtor has failed to meet its burden of proving that the Plan has a reasonable assurance of success based on objective facts. First, presumably Debtor intends to fund the Plan through rents generated from the Property. However, Debtor has failed to assume a single lease in this case, and the Plan specifically provides that all unassumed leases will be deemed rejected upon confirmation. Notwithstanding this, the projections in the Plan demonstrate that Debtor will be able to pay all of its expenses and generate a profit. However, Debtor's historical performance, as evidenced by the monthly operating reports filed in this case, do not support Debtor's projections.

11. Based on the monthly operating reports filed in this case, Debtor has averaged a monthly profit of $10,041.50.[5] According to the Plan, upon confirmation, Debtor will add the following monthly payments to its regular expenses:

| | |
|---|---|
| Class 2: Osceola County Tax Collector | $ 532.94 |
| Class 4: BB&T | $ 7,695.37 |
| Class 5: Unsecured Creditors | $ 3,407.80 |
| **Total** | **$ 11,636.11** |

In addition to the Plan payments, Debtor will also need to set aside a reserve of approximately $1,157 per month[6] in order to pay its annual property tax bill. Thus, based on Debtor's performance during the pendency of this case, confirmation of this Plan will result in a monthly net operating loss of approximately $2,751.61. Thus, it is apparent that Debtor will be unable to consummate this Plan and confirmation would be swiftly followed by liquidation.

12. The fact that Debtor filed bankruptcy with over $40,000 in unpaid bills relating to repairs and maintenance of the Property despite the fact that it was not paying BB&T or its

---

[5] This figure excludes adequate protection payments paid to BB&T.

[6] This figure is calculated based on the 2012 tax bill which totaled $13,881.68, excluding penalties, interest, and other fees.

property taxes is further evidence that Debtor cannot afford the Property or its upkeep. The projections in the Plan amount to nothing more than a "visionary promise." *See Id.*

13. Even assuming *arguendo* that Debtor could afford its monthly debt service following confirmation, Debtor cannot demonstrate a realistic plan for paying off the debt owed to BB&T within a reasonable term. Although the Plan provides for monthly payments to BB&T over a term of seventeen years, based on conversations between counsel for BB&T and counsel for Debtor, both parties acknowledge that a shorter term is appropriate under the circumstances. BB&T has made an 1111(b) election in this case. (Doc. No. 73) Assuming a monthly payment in the amount proposed by the Plan and a more reasonable term of sixty months, the balloon payment due to BB&T in five years will exceed $1.1 million. Even based on its own projections, there is no way that Debtor will be able to pay this balloon payment to BB&T. Thus, it is evident that confirmation of the Plan will ultimately lead to liquidation or need for further reorganization.

14. Given the foregoing, Debtor has not demonstrated a reasonable assurance that the Plan will be successful. As such, the Plan fails to satisfy Section 1129(a)(11).

> **E. THE DEBTOR CANNOT ACHIEVE CONFIRMATION OF THE PLAN OVER THE OBJECTIONS FILED IN THIS CASE BECAUSE THE PLAN DOES NOT COMPLY WITH SECTION 1129(B) OF THE BANKRUPTCY CODE.**

15. The Debtor cannot achieve confirmation of the Plan over the objections filed in this case because the Plan does not comply with Section 1129(b) of the Bankruptcy Code.

16. First, the Plan is not fair and equitable as it does not propose commercially reasonable terms for the payment of BB&T's claim. The Plan does not propose a commercially reasonable repayment period. Debtor's Plan proposes a seventeen year repayment period which

is inconsistent with commercial lending practices. The Plan also fails to provide BB&T with an appropriate cramdown interest rate. Given the risk associated with Debtor's proposal, including the loan-to-value ratio, the repayment term, Debtor's history of default, and the fact that this is a single asset real estate case, the interest rate of 3.25% proposed by the Plan far too low.

17. Additionally, the Plan fails to adequately provide for the retention of BB&T's lien in that it does not call for the execution of a new mortgage or modification of mortgage to reflect the new loan terms upon confirmation.

18. Given the foregoing, Debtor cannot satisfy the requirements of Section 1129. As such, BB&T requests that this Court deny confirmation of the Plan.

**WHEREFORE,** BB&T requests that the Court enters relief requested above.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been filed by CM/ECF on July 18, 2013, and that an electronic copy will be furnished to **Debtor's Attorney**, Samuel R. Pennington, 303 N. Texas Avenue, Tavares, FL 32778, and **Trustee,** Jill E. Kelso, 400 W. Washington Street, Suite 1100, Orlando, FL 32801, and a copy by U.S. Mail will be furnished to **Debtor,** Parkway Investment Properties, Inc., 1112 E. Donegan Avenue, Kissimmee, FL 34744.

/s/ Jennifer L. Morando
Jennifer L. Morando
Florida Bar No. 0059363
The Rosenthal Law Firm, P.A.
4798 New Broad Street, Suite 310
Orlando, Florida 32814
Telephone: 407.488.1220
Facsimile: 407.488.1228
Attorneys for BB&T